UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**ORIGINAL**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 04-10180-RWZ |
| ) | |
| ELLIOT J. FEINER, ) | VIOLATIONS: |
| ) | 18 U.S.C. §1341 |
| Defendant. ) | (Mail Fraud) |
| | 18 U.S.C. §981 and |
| | 28 U.S.C. §2461(c) |
| | (Criminal Forfeiture) |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE

(Mail Fraud - 18 U.S.C. §1341)

1.   At all times material to the allegations contained in this Indictment, Defendant Elliot J. Feiner (hereinafter "Defendant FEINER") was an individual who resided at 10 Rogers Street, Cambridge, Massachusetts. Defendant FEINER was a General Partner of Intervest Group Limited Partnership (hereinafter, "IGLP").

2.   IGLP was a limited partnership with a principal place of business located at Defendant FEINER's residence, 10 Rogers Street, Cambridge, Massachusetts. Formed in 1989, the IGLP limited partnership agreement was amended and restated in 1994 (the "IGLP Agreement") for the purpose of merging several client portfolios to form a single investment fund with a stated objective of outperforming the S&P 500 Index by 20% per year and

providing partners with timely and accurate information.

3. Pursuant to the IGLP Agreement, Defendant FEINER and his son, Adam Feiner, were the General Partners and their participating investment clients were Limited Partners. Among other things, the IGLP Agreement restricted the authority of the General Partner to, among other things, do any act which would make it impossible to carry on the ordinary business of the Partnership; to possess Partnership assets for other than a Partnership purpose; to borrow money or other property from the Partnership; or to effect any transaction in which the Partnership is a participant with a General Partner. Among other things, the IGLP Agreement specifically prohibited the Partnership from lending money to a General Partner; from effecting any transaction in which a General Partner is a participant; and from effecting any business arrangement in which a General Partner is a party. In or about mid-1998, Adam Feiner withdrew as a General Partner of IGLP leaving Defendant FEINER as the sole General Partner.

4. Throughout the relevant period, Defendant FEINER mailed quarterly reports to the limited partners. The quarterly reports included Defendant FEINER's assessment of the economy as influenced by political and other factors, Defendant FEINER's assessment of past market performance and predictions of future performance, and Defendant FEINER's comparisons of the IGLP

portfolio performance to indicators such as the S&P 500 Index, the Dow Jones Industrial Average, and the NASDAQ Composite.

5.  At all times material to the allegations contained in this Indictment, Defendant FEINER was the majority shareholder in Brew Moon Enterprises, Inc. ("BME"), a corporation that owned and operated several restaurants/microbreweries doing business as "Brew Moon." Defendant FEINER was also the Chief Executive Officer of BME. On November 1, 2000, BME filed a Chapter 11 bankruptcy petition.

## THE SCHEME TO DEFRAUD

6.  During the period of approximately August, 1998 through November, 1999, Defendant FEINER, acting as General Partner of IGLP, caused client investment monies, invested through IGLP and totaling more than $5.5 million, to be transferred to BME. The total amount of these transfers represented substantially all of the IGLP investment funds. Defendant FEINER made these transfers without the knowledge or consent of his clients, the limited partners to whom the investment monies belonged, and in violation of the terms of the IGLP Agreement.

7.  Throughout the period during which Defendant FEINER was making the transfers to BME, 1998 through 1999, the limited partner quarterly reports authored and signed by Defendant FEINER gave no indication of the significant transfers of IGLP

investment monies that Defendant FEINER was making to his BME enterprise. Thereafter, throughout 2000 and 2001, when more than $5.5 million representing substantially all of the IGLP investment monies had been transferred to BME, the quarterly reports authored and signed by Defendant FEINER gave no indication that Defendant FEINER had made such transfers.

8. The subject quarterly reports, authored and signed by Defendant FEINER, included false and misleading representations such as: possible plans to invest IGLP monies in the technology sector and discussion of other future investment plans, when in fact all the money had been transferred to BME and had been spent; claims that, due to market volatility, IGLP was maintaining "a strong cash position to preserve client values," when in fact all of the money had been transferred to and spent by BME, and BME had filed for bankruptcy protection; claims that IGLP was maintaining a "very defensive strategy," holding most of its assets in financial instruments defined as "cash and cash equivalents." The subject quarterly reports also included statements that misrepresented the value of each limited partner's investment in IGLP.

9. Defendant FEINER designed the quarterly reports to lull the limited partners into the mistaken belief that their respective IGLP investments were faring well as compared with industry standards, and the limited partners were in fact lulled

into that belief as a result of Defendant FEINER's mailings.

10. In fact, by the end of 1999, Defendant FEINER had secretly transferred substantially all of the IGLP monies to BME, his own failing restaurant enterprise that filed for bankruptcy protection on November 1, 2000.

11. In addition to the lulling misrepresentations contained in Defendant FEINER's quarterly reports to the IGLP investors, it was further part of the scheme that Defendant FEINER caused monies totaling more than $65,000.00 to be removed from the account of another client, RS, without the knowledge or approval of RS, and caused RS's money to be deposited to an IGLP account. Defendant FEINER then proceeded to use RS's money, without her knowledge or consent, to meet requests for withdrawals made by various IGLP investors whose funds had been secretly depleted, all for the purpose of further lulling those investors into a belief that their investment monies still existed when in fact they were gone.

COUNTS ONE through SEVEN

(Mail Fraud - 18 U.S.C. §1341)

12. Paragraphs 1 through 11 are realleged and incorporated by reference as if fully set forth herein.

13. On or about approximately the dates set forth below, in the District of Massachusetts and elsewhere, Defendant FEINER, having devised and intending to devise a scheme and artifice to

defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing the above-described scheme and attempting to do so, did knowingly send or delivered and caused to be sent and delivered articles sent by mail or overnight delivery by a commercial carrier, as follows:

| COUNT | DATE | MAILING |
|---|---|---|
| 1 | 7/20/00 | Feiner letter to MH, with IGLP Partner Summary dated 6/30/00 |
| 2 | 7/20/00 | Feiner letter to RA, with IGLP Partner Summary dated 6/30/00 |
| 3 | 7/20/00 | Feiner letter to LA, with IGLP Partner Summary dated 6/30/00 |
| 4 | 7/20/00 | Feiner letter to RH and DH, with IGLP Partner Summary dated 6/30/00 |
| 5 | 7/20/00 | Feiner letter to JH, with IGLP Partner Summary dated 6/30/00 |
| 6 | 7/20/00 | Feiner letter to RC, with IGLP Partner Summary dated 6/30/00 |
| 7 | 7/20/00 | Feiner letter to NC, with IGLP Partner Summary dated 6/30/00 |
| 8 | 7/20/00 | Feiner letter to MC, with IGLP Partner Summary dated 6/30/00 |
| 9 | 7/20/00 | Feiner letter to LF, with IGLP Partner Summary dated 6/30/00 |
| 10 | 7/20/00 | Feiner letter to TR, with IGLP Partner Summary dated 6/30/00 |
| 11 | 7/20/00 | Feiner letter to AM, with IGLP Partner Summary dated 6/30/00 |

| | | |
|---|---|---|
| 12 | 7/20/00 | Feiner letter to KF, with IGLP Partner Summary dated 6/30/00 |
| 13 | 7/20/00 | Feiner letter to JR, with IGLP Partner Summary dated 6/30/00 |
| 14 | 7/20/00 | Feiner letter to SS, with IGLP Partner Summary dated 6/30/00 |
| 15 | 1/16/01 | Feiner letter to LA, with IGLP Partner Summary dated 12/31/00 |
| 16 | 4/9/01 | Feiner letter to LA, with IGLP Partner Summary dated 3/31/01 |
| 17 | 4/9/01 | Feiner letter to WK, with IGLP Partner Summary dated 3/30/01 |
| 18 | 10/10/01 | Feiner letter to LA, with IGLP Partner Summary dated 9/30/01 |
| 19 | 10/10/01 | Feiner letter to RH, with IGLP Partner Summary dated 9/30/01 |

All in violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATION

(18 U.S.C. §981 and 28 U.S.C. §2461(c))

14.   As a result of the offenses in violation of 18 U.S.C. §1341 charged in Counts 1 through 19 of this Indictment, the defendant,

### ELLIOT J. FEINER

shall forfeit all property, real and personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense, including but not limited to an amount in excess of $5.5 million that the defendant obtained directly or indirectly as a

result of the offense.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property. All in violation of 18 U.S.C. §981 and 28 U.S.C. §2461(c).

A TRUE BILL

Foreperson of the Grand Jury

Lori J. Holik
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS

Returned to the District court by a Foreperson of the Grand Jury and filed this 17th day of June, 2004, at

Deputy Clerk

10:42A

8

%JS 45 (5/97) - (Revised USAO MA 1/15/04)

# Criminal Case Cover Sheet — U.S. District Court - District of Massachusetts

Place of Offense: _____   Category No. II   Investigating Agency: FBI

City: Cambridge   Related Case Information:

County: Suffolk

Superseding Ind./ Inf. _____   Case No. _____
Same Defendant _____   New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

## Defendant Information:

Defendant Name: Elliot J. Feiner   Juvenile: [ ] Yes [x] No

Alias Name: _____

Address: 320 West Moreland, Unit B-3, Narragansett, Rhode Island 02882

Birth date (Year only): 1938   SSN (last 4 #): 8607   Sex: M   Race: White   Nationality: USA

Defense Counsel if known: Beryl W. Cohen, Esq.   Address: 11 Beacon Street, Boston, MA 02108

Bar Number: _____

## U.S. Attorney Information:

AUSA: Lori J. Holik   Bar Number if applicable: _____

Interpreter: [ ] Yes [x] No   List language and/or dialect: _____

Matter to be SEALED: [ ] Yes [x] No

[ ] Warrant Requested   [x] Regular Process   [ ] In Custody

## Location Status:

Arrest Date: _____

[ ] Already in Federal Custody as _____ in _____
[ ] Already in State Custody _____ [ ] Serving Sentence [ ] Awaiting Trial
[ ] On Pretrial Release: Ordered by _____ on _____

Charging Document: [ ] Complaint   [ ] Information   [x] Indictment

Total # of Counts: [ ] Petty   [ ] Misdemeanor   [x] Felony  19

Continue on Page 2 for Entry of U.S.C. Citations

[x] I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: June 15, 2004   Signature of AUSA: _____