

U.S. Department of Justice



*United States Attorney*
*District of Massachusetts*

J.S. COLLINGS
MAGISTRATE JUDGE

JUL 2 - 2004

UNITED STATES DISTRICT COURT

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

July 22, 2004

Beryl Cohen, Esq.
11 Beacon Street
Boston, MA 02108

    Re:  United States v. Feiner
          <u>Criminal No. 04-10180-RWZ</u>

Dear Counsel:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.  <u>Rule 16 Materials</u>

1.  <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.  <u>Written Statements</u>

    Enclosed are the following relevant written statements made by the defendant Elliot J. Feiner in the possession, custody or control of the government, the existence of which is known to the attorney for the government: 1) undated typed statement on Intervest Group Limited Partnership letterhead, captioned "Investments made by Intervest Group Limited Partnership into Brew Moon Enterprises Inc.;" 2) undated typed statement captioned "IGLP Contributions, Withdrawals & Income;" and 3) Exhibit "A" to Voluntary Petition, In re Brew Moon Enterprises, Inc., Case No. 00-17241, including Schedules A, B, D, E, F and G thereto.

    b.  <u>Recorded Statements</u>

    Enclosed are copies of the transcripts of 341 Examination Hearings dated June 12, 2002 and June 28, 2002, United States Bankruptcy Court, Case No. 02-12235-JNF, In Re Elliot J. Feiner.

Also enclosed is a copy of the transcript of a November 19, 2002 deposition of Elliot J. Feiner.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant Elliot J. Feiner did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed: FD-302's for interviews of Elliot J. Feiner on August 15, 2002 and August 27, 2002.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

The government is unaware at this time of any prior criminal record of the defendant.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time. Some of the above described documents are physically located at the U.S. Attorney's Office; other such documents (potentially material to the preparation of the defendant's defense or obtained from or belonging to the defendant) are located at the office of M. Ellen Carpenter, Esq. The latter can likewise be viewed by contacting the undersigned who will make all necessary access arrangements.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

There presently are no reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.    <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

No searches were conducted or search warrants obtained in connection with investigation of the charges contained in the indictment in this case.

C. <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D. <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E. <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

There is no conspiracy count charged in the indictment.

F. <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendant Elliot J. Feiner was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant Elliot J. Feiner.

G. <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1. The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2. The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3. No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

4. The government is unaware that any of its named case-

3

in-chief witnesses has any criminal record.

5. The government is unaware that any of its named case-in-chief witnesses has any criminal cases pending.

6. No identification procedure was used in this case.

H. Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at 617-748-3161 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Lori J. Holik
Lori J. Holik
Assistant U.S. Attorney

enclosure(s)

cc: Clerk to the Honorable Robert B. Collings
(w/o enclosure(s))

4