

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 16, 2004

Beryl Cohen, Esq.
11 Beacon Street
Boston, MA 02108

    Re:  United States v. Elliot J. Feiner
          <u>Criminal No. 04-10180-RWZ</u>

Dear Mr. Cohen:

    Pursuant to Fed.R.Crim.P. 16 and Local Rule 116.3, the government responds as follows to the defendant's Request for Discovery and Inspection dated November 5, 2004.

    Twelve of the fifteen numbered paragraphs of the request purport to seek discovery relating to documents by or between "any agent of the Federal Bureau of Investigation," "any Assistant United States Attorney," or "any attorney for the U.S. Securities and Exchange Commission" (paragraphs numbered 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 14, and 15).  Rational or definitive responses are virtually impossible given the limitless nature of these requests.  The government has, nonetheless, sought to respond as set forth below; should the defendant wish to supply additional information, the government's responses will be reconsidered.

1.    Other than those documents already made available to the defendant pursuant to the government's automatic disclosure letter dated July 22, 2004, no such documents are within the government's possession, custody or control.

2.    No such documents, within the scope of Rule 16(a)(1)(E), are known by the government to exist.

3.    No such documents, within the scope of Rule 16(a)(1)(E), are known by the government to exist.

November 16, 2004
Page 2


4.   Other than those documents already made available to the defendant pursuant to the government's automatic disclosure letter dated July 22, 2004, no such documents are within the government's possession, custody or control.

5.   No such documents, within the scope of Rule 16(a)(1)(E), are known by the government to exist.

6.   Other than those documents already made available to the defendant pursuant to the government's automatic disclosure letter dated July 22, 2004, no such documents are within the government's possession, custody or control.

7.   No such documents, within the scope of Rule 16(a)(1)(E), are known by the government to exist.

8.   Other than those documents already made available to the defendant pursuant to the government's automatic disclosure letter dated July 22, 2004, no such documents are within the government's possession, custody or control.

9.   No such documents, within the scope of Rule 16(a)(1)(E), are known by the government to exist.

10.  No such documents, within the scope of Rule 16(a)(1)(E), are known by the government to exist.

11.  Other than those documents already made available to the defendant pursuant to the government's automatic disclosure letter dated July 22, 2004, no such documents are within the government's possession, custody or control.

12.  No such documents, within the scope of Rule 16(a)(1)(E), are known by the government to exist.

13.  Other than those documents already made available to the defendant pursuant to the government's automatic disclosure letter dated July 22, 2004, no such documents are within the government's possession, custody or control.

14.  No such documents, within the scope of Rule 16(a)(1)(E), are known by the government to exist.

15.  Other than those documents already made available to the defendant pursuant to the government's automatic disclosure

November 16, 2004
Page 3

>letter dated July 22, 2004, no such documents are within the government's possession, custody or control.

>Very truly yours,

>/s/ Lori J. Holik
>Lori J. Holik
>Assistant U.S. Attorney

cc:  Clerk, Honorable Robert B. Collings