

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*  *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts  02210*

November 23, 2004

Beryl Cohen, Esq.
11 Beacon Street
Boston, MA 02108

    Re:   United States v. Elliot J. Feiner
           <u>Criminal No. 04-10180-RWZ</u>

Dear Mr. Cohen:

    Pursuant to Local Rules 116.3, 116.1(C), and 116.2(B)(1), the government responds as follows to the defendant's Request for Discovery and Inspection dated November 19, 2004.

1. Other than those documents already made available to the defendant pursuant to the government's automatic disclosure letter dated July 22, 2004, no such documents are within the government's possession, custody or control.

2. No such documents, within the scope of Fed.R.Crim.P. 16(a)(1)(E) or the above referenced Local Rules, are known by the government to exist.

3. No such documents, within the scope of Rule 16(a)(1)(E) or the above referenced Local Rules, are known by the government to exist.

4. Other than those documents already made available to the defendant pursuant to the government's automatic disclosure letter dated July 22, 2004, no such documents are within the government's possession, custody or control.

5. No such documents, within the scope of Rule 16(a)(1)(E) or the above referenced Local Rules, are known by the government to exist.

November 23, 2004
Page 2

6. Other than those documents already made available to the defendant pursuant to the government's automatic disclosure letter dated July 22, 2004, no such documents are within the government's possession, custody or control.

7. No such documents, within the scope of Rule 16(a)(1)(E) or the above referenced Local Rules, are known by the government to exist.

8. Other than those documents already made available to the defendant pursuant to the government's automatic disclosure letter dated July 22, 2004, no such documents are within the government's possession, custody or control.

9. No such documents, within the scope of Rule 16(a)(1)(E) or the above referenced Local Rules, are known by the government to exist.

10. No such documents, within the scope of Rule 16(a)(1)(E) or the above referenced Local Rules, are known by the government to exist.

11. Other than those documents already made available to the defendant pursuant to the government's automatic disclosure letter dated July 22, 2004, no such documents are within the government's possession, custody or control.

12. No such documents, within the scope of Rule 16(a)(1)(E) or the above referenced Local Rules, are known by the government to exist.

13. Other than those documents already made available to the defendant pursuant to the government's automatic disclosure letter dated July 22, 2004, no such documents are within the government's possession, custody or control.

14. No such documents, within the scope of Rule 16(a)(1)(E) or the above referenced Local Rules, are known by the government to exist.

15. Other than those documents already made available to the defendant pursuant to the government's automatic disclosure letter dated July 22, 2004, no such documents are within the government's possession, custody or control.

November 23, 2004
Page 3

                                                  Very truly yours,

                                                  <u>/s/Lori J. Holik</u>
                                                  Lori J. Holik
                                                  Assistant U.S. Attorney

cc:   Noreen Russo
      Clerk, Honorable Robert B. Collings