UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>            Plaintiff,    )<br>                           )<br>        v.                 )<br>                           )<br> ELLIOT J. FEINER,          )<br>            Defendant.     ) | CRIMINAL NO. 04-10180-RWZ |

**MOTION AND BRIEF OF THE UNITED STATES
FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c).  A proposed Preliminary Order is submitted herewith.  In support thereof, the United States sets forth the following:

    1.   On or about December 16, 2004, a federal grand jury sitting in the District of Massachusetts returned a nineteen count Superseding Indictment charging Defendant Elliot J. Feiner, (the "Defendant"), with Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts One through Nineteen).

    2.   The Superseding Indictment sought the forfeiture, as a result of committing one or more of the mail fraud offenses alleged in Counts One through Nineteen of the Superseding Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c),

including but not limited to an amount in excess of $5,500,000.

    3.    The Superseding Indictment provided further that, if any of the property described in Paragraph 2 as being forfeitable pursuant to 18 U.S.C. § 981 and 28 U.S.C. 2461(c), as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), incorporated by reference in 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant, up to value of such forfeitable property.

    4.    On March 7, 2005, the Defendant pleaded guilty to Counts One, Sixteen and Nineteen of the Superseding Indictment, pursuant to a plea agreement the Defendant had signed on February 24, 2005. In Section 9 of the plea agreement, the Defendant agreed to forfeit any and all of his assets subject to forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c) as a result of his guilty plea. The Defendant also agreed to forfeit substitute assets, as set forth in Paragraph 3 of this Motion.

    5.    The Defendant does not dispute that he derived $5,670,000 in United States currency from the offenses to which he pleaded guilty.

6.   As a result of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the following assets:

> any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), including but not limited to $5,670,000 in United States currency (the "Forfeited Assets").

See Rule 32.2(b)(2); 21 U.S.C. § 853(p), incorporated by reference in 28 U.S.C. § 2461(c); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

7.   Because the Forfeited Assets are not presently in custody, the proposed Preliminary Order of Forfeiture authorizes the United States to conduct discovery to locate directly forfeitable and substitute assets to satisfy the Order, pursuant to 12 U.S.C. § 853(m), incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

8.   The proposed Preliminary Order of Forfeiture provides that when the United States locates particular directly forfeitable or substitute assets, it may apply to this Court for appropriate orders pursuant to 21 U.S.C. § 853(n), incorporated by 28 U.S.C. § 2461(c).

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

/S/Kristina E. Barclay
LORI J. HOLIK
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: April 25, 2005

## CERTIFICATE OF SERVICE

I certify that I have served a true copy of the foregoing upon Beryl W. Cohen, Esquire, 11 Beacon Street, Boston, MA 02108, as counsel for Defendant Elliot J. Feiner, by first class mail.

/s/ Kristina E. Barclay
KRISTINA E. BARCLAY
Assistant U.S. Attorney

Dated: April 25, 2005