UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>            Plaintiff,    )<br>                             )<br>    v.                       )    CRIMINAL NO. 04-10180-RWZ<br>                             )<br>ELLIOT J. FEINER,            )<br>            Defendant.       )    | |

**PRELIMINARY ORDER OF FORFEITURE**

**ZOBEL, D.J.,**

WHEREAS, on December 16, 2004, a federal grand jury sitting in the District of Massachusetts returned a Nineteen Count Superceding Indictment charging Defendant Elliot J. Feiner (the "Defendant" or "Feiner"), with Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts One through Nineteen);

WHEREAS, the Superceding Indictment sought the forfeiture, as a result of committing one or more of the mail fraud offenses alleged in Counts One through Nineteen of the Superceding Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. § 2461(c), including without limitation in excess of $5,500,000;

WHEREAS, the Superceding Indictment provided further that, if any of the property described as being forfeitable pursuant to 18 U.S.C. § 981 and 28 U.S.C. 2461(c), as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished

in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), incorporated by reference in 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant, up to value of such forfeitable property.

WHEREAS, on March 7, 2005, the Defendant pleaded guilty to Counts One, Sixteen and Nineteen of the Superceding Indictment, pursuant to a plea agreement the Defendant had signed on February 24, 2005;

WHEREAS, in Section 9 of the plea agreement, the Defendant agreed to forfeit any and all of his assets subject to forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c) as a result of his guilty plea;

WHEREAS, the Defendant also agreed to forfeit substitute assets;

WHEREAS, the Defendant does not dispute that he derived $5,670,000 in United States currency from the offenses to which he pleaded guilty;

WHEREAS, by virtue of the Defendant's guilty plea, and pursuant to the Defendant's plea agreement, 21 U.S.C. § 853(a), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the following assets:

any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), including but not limited to $5,670,000 in United States currency (the "Forfeited Assets").

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the facts set forth by the government in support of Defendant's guilty plea and the admissions contained in the plea agreement, that the government has established the requisite nexus between the Forfeited Assets and the offenses to which Defendant pleaded guilty. Accordingly, all of Defendant's interests in the Forfeited Assets are hereby forfeited to the United States of America for disposition pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Forfeited Assets.

3. Because the Forfeited Assets are not presently in custody, the United States is hereby authorized to conduct discovery, pursuant to 21 U.S.C. § 853(m), incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to identify and locate directly forfeitable and substitute assets to satisfy this Order, and to facilitate the disposition of any petitions for remission or mitigation of forfeiture. The United States may depose any witness and demand production of any non-privileged book, paper, document, record,

recording, or other material for these purposes, in the same manner as provided by Rule 15 of the Federal Rules of Criminal Procedure.

4. If and when the United States locates particular directly forfeitable or substitute assets, it may apply to this Court for appropriate orders pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c) and Rule 32.2(e) of the Federal Rules of Criminal Procedure.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
RYA W. ZOBEL
United States District Judge

Date: 4/27/05