UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,      )
          Plaintiff,           )
                               )
     v.                        )    CRIMINAL NO. 04-10180-RWZ
                               )
ELLIOT J. FEINER,              )
          Defendant.           )
```

## MOTION TO CORRECT JUDGMENT

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves, pursuant to Fed. R. Crim. P. 36[1], for an Order correcting the Judgment in a Criminal Case entered in the above-captioned matter to reflect the Court's entry of an order of forfeiture regarding certain assets.

As grounds therefor, the government states that on April 27, 2005, this Court entered a Preliminary Order of Forfeiture against the following assets of defendant Elliot J. Feiner (the "Defendant"):

> any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), including but not limited to $5,670,000 in United States currency (the "Forfeited Assets").

pursuant to 21 U.S.C. § 853(a), as incorporated by 28 U.S.C. §

---

[1] "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

1

2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure. Sentence was imposed on the defendant on May 17, 2005. The Judgment subsequently issued by the Court does not address the forfeiture which was previously ordered by the Court.

Fed. R. Crim. P. 32.2, which governs forfeiture, provides in pertinent part that:

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it.

Fed. R. Crim. P. 32.2(b)(2). Rule 32.2 further provides that:

> At sentencing ... the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment.

Fed. R. Crim. P. 32.2(b)(3). Although captioned "Preliminary Order of Forfeiture," this Court's April 27, 2005 Order was final as to the Defendant's interests in the forfeited assets and should be made part of the Judgment in a Criminal Case, pursuant to Rule 32.2.

WHEREFORE, the United States moves that the Judgment be amended to include this Court's order of forfeiture for the above-described assets.

          Respectfully submitted,

          MICHAEL J. SULLIVAN,
          United States Attorney

By: /s/ Kristina E. Barclay
    Kristina E. Barclay
    Assistant U.S. Attorney
    United States Courthouse
    Suite 9200
    1 Courthouse Way
    Boston, MA 02210
    (617) 748-3100

Dated: May 27, 2005

## CERTIFICATE OF SERVICE

I certify that I have served a true copy of the foregoing upon Beryl W. Cohen, Esquire, 11 Beacon Street, Room 900, Boston, MA 02108, as counsel for Defendant Elliot J. Feiner, by first class mail.

          /s/ KRISTINA E. BARCLAY
          KRISTINA E. BARCLAY
          Assistant U.S. Attorney

Dated: May 27, 2005