UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10180-RWZ |
| | ) | |
| ELLIOT J. FEINER, | ) | |
| Defendant. | ) | |

## MOTION FOR FINAL ORDER OF FORFEITURE

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Final Order of Forfeiture in the above-captioned case pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 981, and 28 U.S.C. § 2461(c). A proposed Final Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

1.    On December 16, 2004, a federal grand jury sitting in the District of Massachusetts returned a nineteen count Superceding Indictment charging defendant Elliot J. Feiner(the "Defendant") with Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts One through Nineteen).

2.    The Superceding Indictment sought the forfeiture, as a result of committing one or more of the mail fraud offenses alleged in Counts One through Nineteen of the Superceding Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c),

including but not limited to an amount in excess of $5,500,000.

3.    The Superceding Indictment further provided that, if any of the Defendant's assets that are subject to forfeiture, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

4.    On March 7, 2005, the Defendant pleaded guilty to Counts One, Sixteen and Nineteen of the Superceding Indictment, pursuant to a plea agreement the Defendant had signed on February 27, 2005.  In section 9 of the plea agreement, the Defendant agreed to forfeit all of his assets subject to forfeiture pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c) as a result of his guilty plea.  The Defendant also agreed to forfeit substitute assets, as set forth in Paragraph 3 of this Motion.

5.    The Defendant does not dispute that he derived $5,670,000.00 in proceeds from the scheme to defraud.

6.    On April 27, 2005, this Court issued a Preliminary

2

Order of Forfeiture, pursuant to 21 U.S.C. § 853, as incorporated

by 18 U.S.C. § 981, and 28 U.S.C. § 2461(c), against the

following assets:

>            any property, real or personal, which constitutes
>            or is derived from proceeds traceable to the
>            commission of the offense, pursuant to 18 U.S.C. §
>            981 and 28 U.S.C. § 2461(c), including but not
>            limited to $5,670,000 in United States currency.

7.    On May 17, 2005, this Court sentenced the Defendant to

15 months imprisonment, 3 years supervised release, and a Special

Assessment of $300.00.  On June 1, 2005, this Court entered an

Amended Judgment, which included forfeiture as provided in the

Preliminary Order of Forfeiture.

8.    The United States has not, as of this date, identified

specific assets that constitute or were derived from proceeds

traceable to the commission of the offenses for which the

Defendant has been convicted.  Nor has the United States yet

identified any property of the Defendant that could be forfeited

as a substitute asset in accordance with 21 U.S.C. § 853(p), as

incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c).

9.    Accordingly, the United States seeks the Entry of a

Final Order of Forfeiture consisting of a personal money judgment

against the Defendant in the amount of $5,670,000.00.

10.  The entry of a Final Order of Forfeiture in the form of

a personal money judgment is specifically authorized by Rule

32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure.

Such orders of forfeiture are commonplace.  See, e.g., United

States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir.

1999)(criminal forfeiture order may take several forms, including

an in personam judgment against defendant for amount of money

defendant obtained as proceeds of offense); United States v.

Conner, 752 F.2d 566, 576 (11th Cir. 1985)(criminal forfeiture

follows defendant because it is in personam; money judgment

against defendant for amount of money that came into his hands

illegally is appropriate, government is not required to trace

money to specific asset); United States v. Ginsburg, 773 F.2d

798, 801-02 (7th Cir. 1985)(en banc)(criminal forfeiture is

personal judgment that requires defendant to pay total amount

derived from criminal activity, "regardless of whether the

specific dollars received from that activity are still in his

possession"); United States v. Amend, 791 F.2d 1120, 1127 (4th

Cir. 1986)(same); United States v. Robilotto, 828 F.2d 940, 949

(2d Cir. 1987) (following Conner and Ginsburg; the court may

enter a money judgment for the amount of the illegal proceeds

regardless of whether defendant retained the proceeds); United

States v. Navarro-Ordas, 770 F.2d 959, 969 (11th Cir. 1985)

(court may enter "personal money judgment" against the defendant

for the amount of the illegally obtained proceeds).

    11.  Once the Final Order of Forfeiture is entered, the

Government may move at any time, pursuant to Rule 32.2(e)(1)(B),

to amend the Order to forfeit specific property of the Defendant,
having a value up to the amount of the money judgment, as
substitute assets.  See Candelaria-Silva, 166 F.3d at 42 (once
government has obtained money judgment, it may forfeit
defendant's real property in partial satisfaction of that
judgment); United States v. Baker, 227 F.3d 955 (7th Cir. 2000)
(same).

   WHEREFORE, by virtue of the plea agreement and the
determination of the amount of money derived from the offenses
for which the Defendant has been convicted, a money judgment
should be entered against the Defendant.  Accordingly, the United
States respectfully requests that this Court enter a final order
of forfeiture in the form submitted herewith.

                         Respectfully submitted,

                         MICHAEL J. SULLIVAN
                         United States Attorney,

                         /s/ Kristina E. Barclay
                         LORI J. HOLIK
                         KRISTINA E. BARCLAY
                         Assistant U.S. Attorneys
                         United States Courthouse
                         Suite 9200
                         1 Courthouse Way
                         Boston, MA 02210
Dated: June 24, 2005     (617) 748-3100

<u>CERTIFICATE OF SERVICE</u>

I certify that I have served a true copy of the foregoing upon Beryl W. Cohen, Esquire, 11 Beacon Street, Boston, MA 02108, as counsel for Defendant Elliot J. Feiner, by first class mail.

<u>/s/ Kristina E. Barclay</u>
KRISTINA E. BARCLAY
Assistant U.S. Attorney

Date: June 24, 2005