AO 245B Sheet 1 - Judgment in a Criminal Case - D. Massachusetts (03/02)

# United States District Court
## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| ELLIOT FEINER | Case Number: 1: 04 CR 10180 - 1 - RWZ |
|  | Beryl Cohen, Esquire |
|  | Defendant's Attorney |

**THE DEFENDANT:**
- [X] pleaded guilty to count(s): 1s, 16s & 19's
- [ ] pleaded nolo contendere to counts(s) _____ which was accepted by the court.
- [ ] was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC§1341 | Mail Fraud | 07/20/00 | 1s |
| 18 USC§1341 | Mail Fraud | 04/09/01 | 16s |
| 18 USC§1341 | Mail Fraud | 10/10/01 | 19s |

[ ] See continuation page

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) _____ and is discharged as to such count(s).

[X] Count(s) 2s-15s & 17s-18s are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

05/17/05
Date of Imposition of Judgment

Signature of Judicial Officer

The Honorable Rya W. Zobel
Name and Title of Judicial Officer
Judge, U.S. District Court

Date: May 24, 2005

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 00-00-1938
Defendant's USM No.: 25545-038
Defendant's Residence Address:
  320 Westmoreland St., Unit B-3
  Narragansett, RI 02882
Defendant's Mailing Address:
  SAME

AO 245B Sheet 2 - Imprisonment - D. Massachusetts (10/01)

CASE NUMBER: 1: 04 CR 10180 - 1 - RWZ  Judgment - Page 2 of 6
DEFENDANT: ELLIOT FEINER

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of   15   month(s)

[x] The court makes the following recommendations to the Bureau of Prisons:

The defendant shall serve his sentence at FMC Devens.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
   [ ] at _____ on _____
   [ ] as notified by the United States Marshal.

[x] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [ ] before 12:00 pm on 07/11/05
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
   Deputy U.S. Marshal

AO 245B Sheet 3 - Supervised Release - D. Massachusetts (10/01)

CASE NUMBER: 1: 04 CR 10180 - 1 - RWZ
DEFENDANT: ELLIOT FEINER

Judgment - Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    3    year(s)

[X] See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[X]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[X]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Continuation Page - Supervised Release/Probation

CASE NUMBER: 1: 04 CR 10180 - 1 - RWZ
DEFENDANT: ELLIOT FEINER

Judgment - Page 4 of 6

### Continuation of Conditions of ☒ Supervised Release ☐ Probation

The defendant shall submit to the collection of a DNA sample as directed by the Probation Officer.

The defendant shall serve the first 6 months in home detention.

The defendant shall pay the balance of the restitution according to a court-ordered repayment schedule.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall provide the USPO access to any requested financial information.

The financial information provided to the USPO by the defendant may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.

The defendant shall obtain full time employment and remain employed during his period of supervised release.

The defendant shall participate in a mental health treatment program as directed by the USPO. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay of availability of third party payment.

The defendant shall meet with the IRS within the first 60 days of the period of supervision in order to determine the prior tax liability and shall file tax returns and pay any future taxes due.

AO 245B   Judgment in a Criminal Case - D. Massachusetts (10/01)
    Sheet 5, Part A — Criminal Monetary Penalties

Judgment - Page 5 of 6

CASE NUMBER: 1: 04 CR 10180 - 1 - RWZ
DEFENDANT:   ELLIOT FEINER

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | Assessment | Fine | Restitution      |
|--------|-----------|------|------------------|
| TOTALS | $300.00   |      | $5,287,302.00    |

[ ] The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[X] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|----------------------|------------------------------|----------------------------------------|
| see attached  |                      |                              |                                        |

[ ] See Continuation Page

| TOTALS | $0.00 | $0.00 |

[ ] If applicable, restitution amount ordered pursuant to plea agreement  _____

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [ ] the interest requirement is waived for the   [ ] fine and/or   [ ] restitution.

   [ ] the interest requirement for the   [ ] fine and/or   [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

| | |
|---|---:|
| Plus Design | $ 78,749.00 |
| Julia Hand | 625,794.00 |
| Margaret Hand | 260,065.00 |
| Richard Tabor Hand and Diane Hand | 7,720.00 |
| William Kams, Trustee | 772,966.00 |
| Richard Coffman | 796,738.00 |
| Neal Coffman | 398,394.00 |
| Thomas Ripley | 22,241.00 |
| Laurie Foster | 298,974.00 |
| Laurie Foster, IRA | 283,793.00 |
| Marilyn Coffman | 423,392.00 |
| Marilyn Coffman | 331,943.00 |
| James Robins, IRA | 48,432.00 |
| Robert Anderson | 124,246.00 |
| Richmond Tabor Hand | 58,800.00 |
| | |
| Diane Hand | 10,249.00 |
| Linn Anderson | 91,304.00 |
| Linn Anderson, IRA | 25,067.00 |
| Shirley Spence | 136,179.00 |
| Shirley Spence, Princ. | 258,158.00 |
| James Robins | 102,398.00 |
| Merrill Lynch (Ruth Schiff) | 131,700.00 |
| | |
| Total: | $5,287,302.00 |

AO 245B  Judgment in a Criminal Case - D. Massachusetts (10/01)
Sheet 5, Part B — Criminal Monetary Penalties

CASE NUMBER: 1: 04 CR 10180 - 1 - RWZ
DEFENDANT: ELLIOT FEINER

Judgment - Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [X] Lump sum payment of  $300.00  due immediately, balance due

   [ ] not later than _____ , or
   [ ] in accordance with [ ] C,  [ ] D, or  [ ] E below; or

B  [ ] Payment to begin immediately (may be combined with C, D, or E below); or

C  [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ] Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Case Number, Defendant Name, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

[ ] See Continuation Page

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

| BP-S187.058  **PROGRESS REPORT**  CDFRM | | P.S 5803.07 |
|---|---|---|
| JUN 98 | | Attachment A |
| **U.S. DEPARTMENT OF JUSTICE** | | **FEDERAL BUREAU OF PRISONS** |
| **Institution Name, Address, & Telephone No.**  Federal Prison Camp Devens  P.O. Box 880 Ayer, MA 01432   (978) 796-1000 | | **Date**  May 1, 2006 |
| **Inmate Reviewed** | | |
| **Inmate's Signature** | **Date**  5-1-06 | **Staff Signature** |
| **1. Type of Progress Report**  Pre-Release | | |
| **2. Inmate's Name**  FEINER, Elliot | **3. Register Number**  25545-038 | **4. Age (DOB)**  67 (08-04-1938) |
| **5. Present Security/Custody Level**  Minimum/Out | | |
| **6. Offense/Violator Offense**  18 U.S.C. 1341: Mail Fraud | | |
| **7. Sentence**  3559 PLRA Sentence: 15 Months with 3 Years Supervised Release; $100 Non-committed Felony Assessment Fee and $5,287,302.00 in Restitution | | |
| **8. Sentence Began**  07-25-2005 | **9. Months Served + Jail Credit**  10 months + 01 day Jail Credit | **10. Days GCT/or EGT/SGT**  0 days GCT vested  59 days GCT possible |
| **11. Days FSGT/WSGT/DGCT**  0/0/0 | **12. Projected Release**  08-25-2006 via Good Conduct Time Release | **13. Last USPC Action**  Not Applicable |
| **14. Detainers/Pending Charges:** None Known At This Time | | |
| **15. Co-defendants:** Refer to PSI | | |

Record Copy - Inmate File; copy - U.S. Probation Office; copy - Parole Commission Regional Office (If applicable); copy - inmate
Replaces BP-s187.058 DTD FEB 94
(This form may be replicated via WP)

Progress Report - Continued

| Committed Name: FEINER, Elliot | Reg. No. 25545-038 | Date: May 1, 2006 |
|---|---|---|

16. **INSTITUTIONAL ADJUSTMENT:** Mr. Feiner has adjusted satisfactorily to his current incarceration. He maintains a good rapport with staff and his inmate peers. He is not considered a management or disciplinary problem.

   A. **Program Plan:** Mr. Feiner's Initial Classification at FPC Devens took place on August 24, 2005. During this and subsequent reviews, the Unit Team recommended that he enroll in at least (1) Adult Continuing Education Course and make satisfactory progress towards completion, enroll in at least (2) Release Preparation Courses and make satisfactory progress towards completion, voluntarily enroll in the 40 Hour Drug Education Program and make satisfactory progress towards completion, attend A.A. meetings as needed, establish an acceptable FRP contract and maintain satisfactory participation, obtain an institution work assignment and receive at least satisfactory work performance ratings, begin developing release plans, maintain clear conduct/sanitation, and begin saving money for release.

   B. **Work Assignments:** Mr. Feiner has been assigned to Food Service since August 29, 2005. He consistently receives good work performance evaluations and is considered a hard worker.

   C. **Educational / Vocational Participation:** Since arriving at FMC Devens, Mr. Feiner has completed the following education courses: Nova Lost Empire II (02-01-2006), Opera Level 2 (01-30-2006), Opera Level 1 (12-12-2005), Community Resources (11-17-2005), Release Issues (11-17-2005), Advanced Employment (10-27-2005), Smart Money II (10-13-2005), Smart Money I (09-01-2005) and Learning About HIV (08-24-2005).

   D. **Counseling Programs:** Based on his alcohol abuse history, it has been recommended that Mr. Feiner voluntarily enroll in the 40 Hour Drug Education Program to address his alcohol abuse issues. In addition, it has been recommended he voluntarily enroll in and complete the NRES Drug Treatment Program prior to release and attend A.A. meetings as needed.

   E. **Incident Reports:** Mr. Feiner has maintained clear conduct during his period of incarceration.

   F. **Institutional Movement:** Mr. Feiner arrived at FPC Devens, Massachusetts on July 25, 2005, as an Initial Designation. No further movement is planned and it is expected that he will release from this facility.

   G. **Physical / Mental Health:** Mr. Feiner is assigned a regular work duty status with no medical restrictions. He has been cleared for Food Service. The Unit Team is not aware of any significant mental health problems.

   H. **Progress On Financial Responsibility:** Mr. Feiner is currently Temporarily Exempt from participating in the Inmate Financial Responsibility Program due to insufficient funds. He has a balance $275.00 on a $300.00 Non-committed Felony Assessment Fee and $5,287,302.00 due in restitution.

17. **RELEASE PLANNING:** Mr. Feiner was approved for relocation from the District of Massachusetts to the District of Rhode Island for his period of Supervised Release. In addition, he was approved for a Community Corrections Center placement at the Coolidge House in Boston, Massachusetts effective July 11, 2006. Upon release, he will reside in the District of Rhode Island with his wife, Ronda Feiner. His release plans are as follows:

Progress Report - Continued

| Committed Name: FEINER, Elliot | Reg. No. 25545-038 | Date: May 1, 2006 |

A. **Residence:** Ronda Feiner (Wife)
320 Westmoreland Street, B-3
Narragansett, Rhode Island 02882
Home Telephone Number: (401) 789-4269

B. **Employment:** To be determined upon release

C. **USPO:** **Sentencing District**
John Bocon, CUSPO
United States Probation Office
District of Massachusetts
1200 John Joseph Moakley United States Courthouse
One Courthouse Way
Boston, Massachusetts 02210-3002
Telephone Number: (617) 748-4260

**Relocation District**
Barry J. Weiner, CUSPO
United States Probation Office
District of Rhode Island
36 Exchange Terrace, 3rd Floor
Providence, Rhode Island 02903-1743
Telephone Number: (401) 752-7326

D. **Release Preparation Program:** Mr. Feiner completed the Release Preparation Program on December 12, 2005.

18. **PREPARED BY:** _____    5-1-06
Daniel F. Sullivan, Case Manager    Date

19. **DATE TYPED:** May 1, 2006

20. **REVIEWED BY:** _____    5-1-06
Nancy Patterson, Camp Unit Manager    Date